**IN THE UNITED STAES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **v.** | § | **4:26-CR-120** |
| | § | |
| **MARQUIS JUWAN ERSKIN** | § | |
| | § | |

**DEFENDANT'S SUPPLEMENTAL BRIEFING ON *IN CAMERA* REVIEW**

Comes now Marquis Juwan Erskin through his appointed counsel, and presents the following supplemental briefing on whether the court may review grand jury proceedings *in camera* in connection with Mr. Erskin's motion to dismiss for prosecutorial vindictiveness:

1. Mr. Erskin was indicted on March 4, 2026, for a minor altercation with a jail guard that took place on September 24, 2025. Between the assault and his indictment, Mr. Erskin was sentenced to 360 months in prison for murder less time credited from time served in state custody for the same offense and testified to exonerate two co-defendants in the same federal case – a trial that produced a mistrial. A retrial is set for July 2026 and defense counsel in that case advise that they expect to call Mr. Erskin again to the stand. As counsel has detailed, the timing is suspect and led Mr. Erskin to file a motion to dismiss for vindictive prosecution. A hearing was held on June 30, 2026, and Mr. Erskin requested the

Court to conduct an *in camera* inspection of the minutes of the grand jury which indicted him to determine whether there was any mention of his role as a witness in the mistrial. The government opposes disclosure to the Court. The Court then directed this briefing.

2. The leading case on the Court's discretion to conduct an *in camera* review is *United States v. Zolin*, 491 U.S. 554 (1989). The Supreme Court, in the context of a crime-fraud exception to attorney-client privilege, found no bar to a district court's exercise of its discretion to review privileged matters *in camera* so long there was evidence to support a reasonable belief that the review would reveal useful evidence. The threshold is low. "The showing necessary to support an *in camera* [review] is less stringent than the prima facie showing necessary to support an order of disclosure to the opposing party." 491 U.S. at 572. In Mr. Erskin's case the threshold is crossed by the undisputable fact of the timing of the indictment after Mr. Erskin's testimony contradicting the government's theory of culpability. Review is not expected to be lengthy and for our purposes is likely to be dispositive.

Fed. R. Crim. P. 6(a)(3)(E)(1) authorizes disclosure of otherwise secret grand jury testimony where there is a "particularized need." *Cf. United States v. Miramontez*, 995 F.2d 56, 59 (5th Cir. 1993). Mr. Erskin's request is narrow, dealing only with any disclosure of the fact of his testimony in the mistrial. In the

instant case, grand jury secrecy is further preserved because Mr. Erskin seeks only the Court's review rather than have the entirety disclosed personally to him.

In sum, there are no compelling reasons to bar *in camera* review in the Court's discretion.

Respectfully submitted,

/S/ *Tom Berg*
Tom Berg
State Bar No. 02189200
4306 Yoakum Blvd., Suite 240
Houston, Texas 77006
Tel: (713) 502-9596
tom@mgblawyers.com
COUNSEL FOR MR. ERSKIN

**CERTIFICATE OF SERVICE**

I hereby certify that all parties to be served have been served via electronic case filing (ECF) this 30th day of June 2026.

/S/Tom Berg
Tom Berg