**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br>Plaintiff,<br>v.<br>**MARQUIS JUAN ERSKIN**,<br>Defendant. | **Case No.** 4:26-CR-120 |

**UNITED STATES' MEMORANDUM IN COMPLIANCE WITH COURT'S ORDER**

The United States respectfully submits this memorandum in compliance with the Court's order requesting briefing on the Court's authority to direct disclosure of grand jury materials for in camera review. Defendant relies solely on the timing of the indictment to assert a presumption of prosecutorial vindictiveness—contrary to Supreme Court precedent in *United States v. Goodwin*, 457 U.S. 368 (1982), and request discovery. Defendant also invokes *United States v. Zolin*, 491 U.S. 554 (1989), to support in camera review; however, *Zolin* does not authorize judicial inspection of privileged or grand jury materials absent the threshold showing of particularized need described in *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211 (1979). Accordingly, there is no sufficient basis to order disclosure of grand jury materials for in camera review.

I. *In camera review: Court's discretion exists, but only after a threshold showing*

Since the 17th century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye. *Douglas Oil*, 441 U.S. at 219. Although the grand jury typically sits in the courthouse and under the judiciary's umbrella, its institutional ties to the Judicial Branch have historically been deliberately limited. Judges generally take part

only in foundational tasks—convening the grand jury and administering the jurors' oaths—without directing its day-to-day operations. *United States v. Williams*, 504 U.S. 36, 47 (1992).

Federal Rule of Criminal Procedure 6(e) establishes a general rule of secrecy and permits disclosure only under enumerated exceptions, including "when so directed by a court preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). While Rule 6(e) permits a court to authorize disclosure, it does not require disclosure in any particular case; the Rule's text confers discretion ("[t]he court **may** authorize disclosure").

In the present case, Defendant alleges no specific impropriety before the grand jury and identifies no evidence of misconduct. Defendant simply characterizes the Government's charging decision as suspicious and claims that speculation alone justifies disclosure of secret grand jury materials. It does not.

A party seeking grand jury material disclosure must demonstrate **a particularized need** that outweighs the interest in grand jury secrecy. *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959). To meet this burden, the seeking party must demonstrate that "(1) the material he seeks is needed to avoid a possible injustice …, (2) the need for disclosure is greater than the need for continued secrecy, and (3) his request is structured to cover only material so needed." *United States v. Shows Urquidi*, 71 F.4th 357, 366 (5th Cir. 2023). Mere speculation is insufficient. *See United States v. Carvajal*, 989 F.2d 170, 170 (5th Cir. 1993) (rejecting a "fishing expedition" through grand jury minutes); *see also Newton v. United States*, 733 F. App'x 196, 197 (5th Cir. 2018) (per curiam) (unpublished) (same).

II. *Zolin does not authorize in camera review of grand-jury materials absent the Rule 6(e)/Douglas Oil threshold.*

Defendant's reliance on *United States v. Zolin*, 491 U.S. 554 (1989), is misplaced. *Zolin* addressed in camera review of attorney-client communications in the crime-fraud context and

required a threshold evidentiary showing before a judge may inspect privileged materials.[1] *Zolin* did not relax Rule 6(e)'s disclosure standard, and the materials at issue there were not grand jury transcripts. Even assuming, arguendo, that the framework established in *Zolin* were to apply, the *Zolin* Court also made clear that "before a district court may engage in in camera review at the request of the party opposing the privilege, that party must present evidence sufficient to support a reasonable belief that in camera review may yield evidence that establishes the exception's applicability." *Id*. at 574–75. *See also In re Grand Jury Investigation*, 974 F.2d 1068, 1072 (9th Cir. 1992) (*Zolin's* low threshold does not result in automatic in camera review).

Even under *Zolin's* threshold, Defendant presents no evidence suggesting that the grand jury transcript will reveal vindictive prosecution, nor any indication of misconduct before the grand jury. Therefore, Defendant's request for in camera review should be denied.

III. *In camera review—general principles*

The Supreme Court has recognized that in camera review can be appropriate in limited circumstances involving governmental privileges. *See Kerr v. U.S. Dist. Ct. for N. Dist. of Cal*., 426 U.S. 394, 405–06 (1976). However, *Zolin* cautioned that adopting a blanket approach to in camera review for privileged materials (such as attorney-client communications) would jeopardize the policy of encouraging candid, lawful attorney-client communications and may raise due-process concerns if used routinely. *Zolin*, 491 U.S. at 571. The Court further warned against

1 In *Zolin*, the IRS opened an investigation into L. Ron Hubbard, founder of the Church of Scientology, and served an IRS summons on a state-court clerk for documents, including two audio tapes. The Church and Mary Sue Hubbard intervened, asserting attorney-client privilege and challenging the IRS's good faith. The Government invoked the crime-fraud exception and asked the district court to listen to the tapes, submitting a special agent's declaration with partial transcripts; the court ordered production of some documents under protective restrictions but declined to review or compel the tapes, and the Ninth Circuit affirmed. The Supreme Court granted certiorari to decide whether courts may use in camera review to assess the crime-fraud exception and what threshold showing is required; it affirmed in part and remanded for further proceedings. No grand-jury material was involved in *Zolin*.

"groundless fishing expeditions, with the district courts as their unwitting (and perhaps unwilling) agents." *Id*.

IV. *Grand jury transcript*

Although the Government maintains that Defendant has not presented sufficient grounds to support in camera review of grand-jury materials in this case, the Government proffers that it neither relied on nor used Defendant's involvement as a witness in the Richards case to secure the indictment in this case.[2]

From the outset of this case, the Government has maintained—and continues to maintain—that it acted with a legitimate prosecutorial interest in enforcing federal law and not for any vindictive purpose.

V. *Timing alone does not create a presumption of vindictiveness at the pretrial stage*

Because a vindictive prosecution claim asks the judiciary to intrude on a "special province" of the Executive, courts begin with a presumption that the Government has properly exercised its constitutional responsibilities to enforce the Nation's laws. *See Heckler v. Chaney*, 470 U.S. 821, 832 (1985). Under *United States v. Goodwin*, 457 U.S. 368, 380–84 (1982), pretrial charging decisions do not give rise to any presumption of prosecutorial vindictiveness, and timing-based allegations alone do not supply the objective evidence required to show retaliatory motive.

---

2 Although Defendant continues to characterize his conduct as a "minor" incident, the discovery shows that Defendant punched a correctional officer in the face—without provocation—while being escorted for medical treatment. This episode occurred against the backdrop of multiple documented instances of prison misconduct, including violence, drug use, and sexual misconduct, involving Joe Corley Detention Facility personnel, which the Government has produced to the defense as potential Fed. R. Evid. 404(b) evidence.

VI. *Conclusion*

Defendant has not satisfied the demanding standard for judicial inspection or disclosure of grand jury materials under Rule 6(e) and *Douglas Oil*. Nor has he shown any basis for a presumption of prosecutorial vindictiveness under *Goodwin*. Consequently, Defendant's request for in camera review should be denied.

WHEREFORE, and for all the reasons detailed above, the Government's respectfully requests this court to DENY Defendant's Motion to Dismiss and Defendant's request for disclosure of grand jury material to the Court for in camera review.

RESPECTFULLY SUBMITTED.

In Houston, Texas, this July 7th, 2026.

JOHN MARK
Acting United States Attorney

**By: *\/s/ Kelly Zenón-Matos***
Kelly Zenón-Matos
Assistant United States Attorney
United States Attorney's Office
Southern District of Texas
Texas Bar No. 3848388
1000 Louisiana St., Suite 2300
Houston, TX 77002
Phone: 713-567-9000
Email: kelly.zenon@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was delivered to counsels for the defendants as listed via e-filing on July 7th, 2026.

**By:** ***/s/ Kelly Zenón-Matos***
Kelly Zenón-Matos
Assistant United States Attorney