United States District Court
Southern District of Texas
**ENTERED**
August 12, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CRIMINAL ACTION NO. H-26-120 |
| | § | |
| MARQUIS JUAN ERSKIN, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Marquis Juan Erskin has moved to dismiss the indictment against him. (Docket Entry No. 11). A grand jury indicted Erskin for assault on a prison guard. (Docket Entry No. 1). He argues that the prosecution is vindictive because Erskin was already punished at a prior sentencing for the assault and because the United States sought an indictment only after he testified against the United States in a different criminal case. (*See* Docket Entry No. 11-1 at 2–3). The motion fails.

"To make the requisite showing for prosecutorial vindictiveness, the defendant must show sufficient facts giving rise to a presumption of vindictiveness or actual vindictiveness." *United States v. Solis*, 750 F. App'x 357, 362 (5th Cir. 2018) (per curiam). A defendant may prove actual vindictiveness by presenting objective evidence that the prosecutor's actions were designed to punish a defendant for asserting his legal rights. *United States v. Saltzman*, 537 F.3d 353, 359 (5th Cir. 2008). In some circumstances, a defendant may show facts sufficient to raise a presumption of vindictiveness. *Id.* There is no presumption of vindictiveness if in the context of the entire proceedings an objective event or combination of events indicates that the prosecutor's decision was motivated by some purpose other than a vindictive desire to deter or punish appeals. *United States v. Wells*, 262 F.3d 455, 466–67 (5th Cir. 2001).

Relevant here, "[t]he mere timing of the filing is insufficient to create a presumption of vindictiveness." *Solis*, 750 F. App'x at 362; *see United States v. Owens*, No. 22-CR-30048-DWD, 2023 WL 6541558, at *4 (S.D. Ill. Oct. 6, 2023). Beyond timing, there is no evidence that the prosecution acted vindictively. The indictment followed Erskin's testimony, but Erskin admitted to the crime for which he was indicted in that testimony. (*See* Docket Entry No. 12 at 4–5, 9). The United States is more than justified in bringing an indictment based on conduct to which Erskin admitted under oath and for which he waived his Fifth Amendment right. The court also reviewed the grand-jury transcripts in this case. They show no prosecutorial error or wrongdoing.

Erskin's argument that he was already sentenced based on the alleged assault does not change this conclusion. The Supreme Court has "rejected the claim that double jeopardy principles bar a later prosecution or punishment for criminal activity where that activity has been considered at sentencing for a separate crime." *Witte v. United States*, 515 U.S. 389, 398 (1995) (citing *Williams v. Oklahoma*, 358 U.S. 576, 577 (1959)). If Erskin is convicted, the court can consider at sentencing the fact that he was already punished for the assault. But the previous sentence does not prevent the United States from obtaining a conviction for a crime it alleges that Erskin committed.

For these reasons, Erskin's motion to dismiss, (Docket Entry No. 11), is denied. The United States's motion for a notice of compliance, (Docket Entry No. 22), is granted.

SIGNED on August 12, 2026, at Houston, Texas.

Lee H. Rosenthal

Lee H. Rosenthal
Senior United States District Judge